# IN THE COURT OF APPEALS OF IOWA

No. 21-0814
Filed September 22, 2021

**IN THE INTEREST OF C.B. and C.B.,**
**Minor Children,**

**A.P., Mother,**
    Appellant,

**Z.B., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Mahaska County, Rose Anne Mefford, District Associate Judge.

A mother and father each appeal a district court order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Patrick J. Mahaffey of Mahaffey Law Office, Montezuma, for appellant mother.

Lynette M. Lindgren of Faulkner, Broerman & Lindgren, Oskaloosa, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Misty White, Sigourney, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother and father each appeal a district court order terminating their parental rights. We grant the parents' requests for consideration of their petitions on appeal, which were filed three days late. There is sufficient evidence in the record to support termination of the mother's parental rights, an extension of time is not warranted, and termination of the mother's parental rights is in the children's best interests. We find it is in the children's best interests to terminate the father's parental rights and the court properly did not apply any of the exceptions to termination. We affirm the district court's decision terminating the parents' rights.

## I.    Background Facts & Proceedings

A.P., mother, and Z.B., father, are the parents of C.B., born in 2012, and C.B., born in 2015. The children were removed from the father's care on January 15, 2020, due to his use of methamphetamine while caring for the children. Also, police officers found methamphetamine in the home within the reach of the children. The children were placed with the mother for a short period of time but then removed because she was using methamphetamine. The children were placed with a maternal aunt and uncle.[1]

The children were adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2), (n), and (p) (2020). After removal, the children disclosed that they had been physically abused by the parents. The children had very poor dental hygiene and had severe dental decay. They needed multiple tooth extractions, caps, and root canals. The older child was diagnosed

---

[1] The maternal aunt and uncle became licensed foster parents during the course of the case.

with generalized anxiety disorder and attends therapy. Her anxiety mainly involved the parents. The younger child was diagnosed with attention deficit hyperactivity disorder.

The father entered a series of substance-abuse treatment programs but did not successfully complete any of them. The father had long periods where he was not in contact with the Iowa Department of Human Services (DHS) or the children. The mother entered a methadone treatment program. A report from January 2021 states the mother had poor attendance for methadone treatment and she recently tested positive for methamphetamine. The mother was discharged from the program due to these problems.

On January 13, the State filed a petition seeking termination of the parents' rights. The termination hearing was held on February 17. At the time of the hearing, DHS was not able to contact the mother and did not know where she was residing. She was inconsistent in attending supervised visitation. The mother had a substance-abuse evaluation but did not follow recommendations for treatment, and did not consistently participate in random drug tests. She did not have a mental-health evaluation or treatment. The father was in a residential substance-abuse treatment program. He did not maintain contact with DHS. He attended few visits. The father did not complete a mental-health evaluation.

The district court entered an order on May 31, terminating the parents' rights under section 232.116(1)(f) and (*l*) (2021). The court found:

> To return the children to their home at this time would subject the children to the following adjudicatory harms: Neither parent has a home to return the children to. Both parents have severe substance abuse addictions and have not been able to successfully complete treatment. Neither parent obtained a Mental Health

> evaluation.  For these reasons all of the same harms are present that were present when the children were removed in January of 2020, plus the additional harm of no home for the children to reside in.

The court determined that termination of the parents' rights was in the best interests of the children.  The mother and father appeal the juvenile court's decision.

## II.	Delayed Petitions on Appeal

The mother and father each filed a timely notice of appeal following the juvenile court's decision on May 31, 2021.  The father filed a notice of appeal in the juvenile court on June 10, which was within fifteen days after the court's final order.  *See* Iowa R. App. P. 6.101(1)(a) (providing that a notice of appeal in termination cases must be filed within fifteen days after a final order or judgment).  The mother's notice of appeal was filed on June 14.  *See id.*

Under Iowa Rule of Appellate Procedure 6.201(1)(b), the parents were required to file a petition on appeal "within 15 days after the filing of the notice of appeal with the clerk of the district court."  The father's petition on appeal was due on June 25, fifteen days after the notice of appeal was filed.  *See* Iowa R. App. P. 6.201(1)(b).  The father's petition on appeal was filed on June 28, which was three days late.  The mother's petition on appeal was due on June 29.  She filed her petition on appeal on July 2, which was also three days late.

On its own motion, the Iowa Supreme Court found the father's petition on appeal was untimely.  The court requested that the father file "a statement regarding whether a delayed appeal should be granted," and cited *In re A.B.*, 957 N.W.2d 280, 292 (Iowa 2021).  The father stated that he wanted to appeal the termination order and asked the court to grant him a delayed appeal.  The father's

counsel asserted that she was out of the state from June 11 to 19, and took full responsibility for the improper calendaring of the due date for the petition on appeal. The father claimed that the slight delay in filing the petition on appeal would not unnecessarily prolong the appeal process.

At the time the mother filed her petition on appeal on July 2, she also filed a motion to have her petition on appeal considered to be timely. The mother cited to *A.B.*, and claimed that based on the court's decision in that case, her petition on appeal should be considered, although it had been filed three days late. *See* 957 N.W.2d at 292. The mother's counsel took responsibility for the late filing and apologized for the mistake. The Iowa Supreme Court directed that the issue concerning the delayed petitions on appeal by the mother and father be submitted with the appeal.

The Iowa Supreme Court recently determined a delayed petition on appeal may be granted in termination cases. *Id.* at 290. A delayed petition on appeal is permitted "only where the parent clearly intended to appeal and the failure to timely perfect the appeal was outside of the parent's control." *Id.* at 292. Also, "an untimely appeal should be allowed to proceed only if the resulting delay is no more than negligible." *Id.* In *A.B.*, the father's attorney took "the blame for not properly calendaring the deadline" due to personal circumstances. *Id.* at 293. The court determined a "two-day delay did not unnecessarily prolong the appeal process." *Id.* The court stated, "We simply cannot let the significant rights at stake be outweighed by the negligible delay involved here." *Id.*

Based on the supreme court's ruling in *A.B.*, we find the parents' petitions on appeal should be considered, although they were filed outside the fifteen-day

deadline found in rule 6.201(1)(b).  The parents intended to appeal, and the timing of the filing of the petitions on appeal was outside their control.  *See id.* at 292. Counsel for each parent took responsibility for the late filing of the petition on appeal.  *See id.* at 293.  Furthermore, the resulting delay of three days was "no more than negligible" and did not delay the appeal process.  *See id.* at 292–93.

### III.    Standard of Review

Our review of termination proceedings is de novo.  *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).  The State must prove its allegations for termination by clear and convincing evidence.  *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).  "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence."  *Id.*  Our primary concern is the best interests of the children.  *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### IV.    Mother

**A.**    The mother claims there is not sufficient evidence in the record to support termination of her parental rights.  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination."  *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm."  *Id.* at 435.  We focus on the termination of the mother's parental rights under section 232.116(1)(f).[2]

---

[2] A parent's rights may be terminated under section 232.116(1)(f) if the court finds:
(1) The child is four years of age or older.

In applying section 232.116(1)(f), we consider whether the child could be safely returned to the parent's care at the time of the termination hearing. *See In re D.W.,* 791 N.W.2d 703, 707 (Iowa 2010). At the hearing in February 2021, DHS was not able to contact the mother and did not know where she was residing. The mother had a substance-abuse evaluation but did not follow recommendations for treatment and did not consistently participate in random drug tests. She was discharged from the methadone program because of inconsistent attendance and positive drug tests. The mother was also inconsistent in attending supervised visitation. We conclude the children could not be safely returned to the mother's care and her parental rights were properly terminated under section 232.116(1)(f).

**B.** The mother asks for an extension of time to work on reunification with the children. She asserts that she was actively participating in all recommendations ordered by the court. She claims that the children's stability would not be impacted by an extension of time.

The court may decide to not terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). The court may continue the proceedings for an additional

---

(2) The child has been adjudicated a [CINA] pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

The district court found conditions had not improved since the children were removed, and in fact, had gotten worse, as the mother did not have adequate housing for the children at the time of the termination hearing. The court determined the children could not be returned to the mother's care within a reasonable period of time. We conclude it is unlikely that the need for removal would no longer exist at the end of six months. *See id.* We find that an extension of time is not in the children's best interests.

**C.** The mother contends that termination of her parental rights is not in the children's best interests. In considering the best interests of children, we give "primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional needs of the child[ren] under section 232.116(2)." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

During the time the juvenile court case was pending, the mother did not make significant progress towards reunification with the children. She was still struggling with substance abuse. She had not addressed her mental-health issues. The mother did not have stable housing. She was inconsistent in attending visitation with the children. The children need security and stability the mother is not able to provide. We determine that termination of the mother's parental rights

is in the children's best interests. We affirm the juvenile court order terminating the mother's parental rights.

### V. Father

**A.** The father claims it is not in the best interests of the children to terminate his parental rights. He asserts the children should be placed in a guardianship. He points out that the children are in the care of a maternal aunt and uncle. He states that under a guardianship with the maternal aunt and uncle the children could continue to have stability but still maintain contact with the parents.

In general, "a guardianship is not a legally preferable alternative to termination." *In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021) (citation omitted). A guardianship does not offer the same level of stability as termination of the parents' rights and adoption because a guardianship may be terminated or the guardians may be removed and different guardians appointed. *See In re A.S.*, 906 N.W.2d 467, 478 (Iowa 2018). "Although a guardianship may provide some permanency, it does not necessarily provide stability for the child. So long as a parent's rights remain intact, the parent can challenge the guardianship and seek return of the child to the parent's custody." *In re R.S.R.*, No. 10-1858, 2011 WL 441680, at *4 (Iowa Ct. App. Feb. 9, 2011).

We conclude termination of the father's parental rights is in the children's best interests, rather than placing them in a guardianship. The children need more stability than a guardianship could provide. In addition, the father was not able to provide a stable environment for the children. At the time of the termination hearing, he was still addressing his substance-abuse problems.

**B.** The father contends the district court should have decided not to terminate his parental rights because termination would be detrimental to the children due to the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). "The factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019) (quoting *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011)). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *Id.* (citing *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)).

The juvenile court found the father did not have a close bond with the children. He was very inconsistent in attending visitation. The father went through periods of time when he was not in contact with DHS or the children. The court found the children had a close bond with the maternal aunt and uncle who had been caring for them since they were removed from the parents' care. We agree that an exception to termination should not be applied in this case. We affirm the district court's ruling terminating the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**